| | |
|---|---|
| **LIBERTARIAN PARTY OF MARYLAND**<br>PO BOX 176<br>Abingdon, MD 20009<br>          **Plaintiff**, <br><br>     **vs.**<br><br>**LINDA H. LAMONE,** in her official capacity as<br>     State Administrator,<br>c/o Maryland State Board of Elections<br>151 West Street, Suite 200<br>Annapolis, MD 21401<br><br>**MARYLAND BOARD OF ELECTIONS**<br>151 West Street, Suite 200<br>Annapolis, MD 21401<br><br>          **Defendants**. | **IN THE UNITED STATES**<br>**DISTRICT CIRCUIT COURT FOR**<br>**DISTRICT OF MARYLAND**<br><br><br>Case No. _____ |

1

# INTRODUCTION

This action is brought to enjoin the unlawful and unfair ballot access restrictions placed upon the Libertarian Party of Maryland by the Maryland General Assembly and the Maryland State Board of Elections and its Administrator, Linda Lamone.

# JURISDICTION

1. Jurisdiction is proper over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343 as this action arises under 42 U.S.C. § 1983.

# VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391(b).

# PARTIES

3. Plaintiff, Maryland Libertarian Party ("MDLP") is a recognized political party in Maryland.

4. Defendant, Maryland State Board of Elections ("SBE"), is located and conducts it affairs at or about 151 West Street Annapolis, Md. 21401.  SBE is required to manage and supervise elections in the State and ensure compliance with the requirements of this article and any applicable federal law by all persons involved in the elections process. Md. Code Ann., Elec. Law § LAW § 2-102.  SBE is located and conducts its affairs at or about 151 West Street Annapolis, Md. 21401.

5. Defendant, Linda Lamone ("Lamone"), in her official capacity as the Administrator of the Maryland State Board of Elections is the chief State Election official and has a duty to oversee statewide electoral process from this office in accordance with

federal and state law. Lamone is located and conducts her affairs at or about 151 West Street Annapolis, Md. 21401.

6. Defendants', SBE and Lamone, actions, at all relevant time hereto, have been under color of Maryland law within the meaning of 42 U.S.C. § 1983 and constitute state action within the meaning of the First and Fourteenth Amendments of the United States Constitution.

### FACTS COMMON TO ALL COUNTS

### A. MDLP'S NOMINATION

7. In Maryland, nominations for public offices not held by the party are filled by elections governed by this article shall be made:(1) by party primary, for candidates of a principal political party; (2) by petition, for candidates not affiliated with any political party; or (3) in accordance with the constitution and bylaws of the political party, for candidates of a political party that does not nominate by party primary. Md. Code Ann., Elec. Law § LAW § 5-701.

8. According to the Libertarian Party bylaws, the State Central Committee must cast a 60% vote to nominate an individual for state public office. The State Board of Elections must receive the certifications for party nomination by August 6, 2018.

9. April T. Ademiluyi ("**Candidate Ademiluyi**") is a registered voter in the State of Maryland, a resident of Prince George's County, Maryland, and a candidate nominated by the Libertarian Party for the office of Judge of the Circuit Court for Prince George's County in the 2018 Gubernatorial General Election. CANDIDATE

ADEMILUYI announced her 2018 candidacy publicly as early as May 2018 with a public website and social media sites such as Twitter and Facebook and at various community events.

10. **Libertarian Nomination.** On June 7, 2018, the Maryland Libertarian Party nominated Petitioner Candidate Ademiluyi for the position of circuit court judge for Prince George's County.

11. **Nomination Certified by State Board.** On June 18, 2018, Respondent State Board certified the nomination of Petitioner Candidate Ademiluyi. A copy of the Respondent State Board's certification of Petitioner Candidate Ademiluyi is attached hereto and incorporated herein as Exhibit 1.

12. Candidate Ademiluyi has a valid certificate of nomination executed by the officers of the Libertarian Party for Judge of the Circuit Court for Prince George's County and the State Board of Elections accepted that nomination and certified Ademiluyi's candidacy on June 18, 2018.

### B. THE CHALLENGERS REMOVE ADEMILUYI FROM THE BALLOT

13. An action was filed, on July 25, 2018, in the Circuit Court for Prince George's County, against SBE, Lamone, Candidate Ademiluyi, and the MDLP to challenge Candidate Ademiluyi's Libertarian nomination. The suit questioned whether election laws allow MDLP, through its bylaw, to nominate a person unaffiliated with their party for a position not held by the party as the Democrats and can Republicans do.

14. Lamone and SBE took the position that they have no duty to determine whether MDLP bylaws are compliant with state law for public offices with respect to party affiliation of the candidate; and they refused to defend the case on the merits.

15. On August 24, 2018, a preliminary injunction was entered to enjoin the State Board of Elections from certifying a ballot with April T. Ademiluyi as candidate for Judge of the Circuit Court for Prince George's County.  Exhibit 2 Preliminary Injunction.

16. On September 7, 2018, the State Board of Elections certified the ballot and excluded Candidate Ademiluyi's name from the ballot.  Therefore, the preliminary injunction has now expired.

17. Neither Candidate Ademiluyi nor the MDLP has had an opportunity to present their defenses and no Court has held a final hearing or ruled on their defenses.  Moreover, Candidate Ademiluyi and the MDLP have every right to present their defenses in a final hearing on the merits but there has been no final hearing to determine whether Candidate Ademiluyi is qualified to appear on the ballot.

18. Candidate Ademiluyi appealed the entering of the preliminary injunction without the court providing her or the Maryland Libertarian Party the opportunity to hire counsel and present defenses.  On September 6, 2018, the Court of Appeals affirmed that decision but there has been no recorded opinion.  Ex. 3 Court of Appeals Order.

### C. THE CHALLENGER'S COMPLAINT AND RELIEF THE STATE COURT ORDERED SBE AND LAMONE TO EXECUTE

19. Compl ¶ 28: Nominations for public offices that are filled by elections governed by this article are made:(1) by party primary, for candidates of a principal political party;

(2) by petition, for candidates not affiliated with any political party; or (3) in accordance with the constitution and bylaws of the political party, for candidates of a political party that does not nominate by party primary. Ex.4 Complaint Eguounu et al

20. Compl ¶ 29: The Democratic and Republican parties are the two principal political parties in Maryland required to use the primary election to nominate candidates for public office. Election Law §§1-101(kk);8-202

21. Compl ¶ 30 The Libertarian Party is a partisan group qualified as a non principal political party accordance with Title 4 of the Election Law Article.

22. Compl ¶ 31 Accordingly, nominations for public office by the Libertarian Party are made in accordance with the Constitution and By-Laws of the Libertarian Party. Election Law §§4-102(f); 5-701.

23. Compl¶32 All political parties are required to file their constitution and bylaws with the State Board of Elections. Election Law §§4-102(e); 4-204(d)

24. Compl ¶34 Article VII of the Libertarian Party Constitution governs nominations for public office.

25. Compl ¶35 Section of Article VII sets forth the qualifications applicable to all nominees of the Libertarian Party, as follows:

> Section 1. Qualifications of Nominees. All persons who seek the nomination of the Party must first meet the legal requirements for age, residency, and registration as provided by the laws of the State of Maryland for the offices they seek before applying for the nomination of the Party. At the time of filing, and continuously through the date of the corresponding General Election, all candidates of the Maryland Libertarian Party to public office must be registered Libertarian as defined in the

qualification for Central Committee membership stated in Article IV, Section 2. Should any candidate fail to meet this qualification after nomination and if the state has already been notified of that nomination, the Chairman and Secretary are directed to notify the State Board of Elections that the Party's nomination is rescinded.

26. Compl ¶36 In order to be registered as a Libertarian as defined in the qualification for Central Committee Membership stated in Article IV, Section 2 of the Constitution:

> [T]he member certifies agreement with the principle set forth in Article II; the member is registered as a Libertarian, unless registration as a Libertarian is not permitted; and is not currently registered as affiliated with any other political party.

27. Compl ¶37 At the time of filing to run as a Libertarian nominee for the public office on June 18, 2018, Ademiluyi was required by the Constitution to be registered as a Libertarian. She was not.

28. Compl ¶ 46 The State Board of Elections is responsible for determining whether an individual filing a certificate of candidacy meets the requirements of the Election Law Article, including the voter registration and party affiliation requirements under Title 5 Subtitle 2. Election Law §5-301(b).

29. Compl¶ 47 Section 5-201 of the Election Law Article provides that an individual may became a candidate for public or party office only if the individual satisfies the qualifications established by law.

30. Compl¶48 For nominees of the Libertarian Party, the qualification established by law is that the nomination be made in accordance with the Constitution and By-Laws of the Libertarian party. Election Law §5-701(3).

31. Compl¶49  The nomination of April Ademiluyi as a candidate for office of Judge of the Circuit Court for Prince George's County is therefore invalid as a matter of law.

## ACTIONS OF SBE AND LAMONE

32. SBE and Lamone took the position that they have no duty to ensure the MDLP bylaws are consistent with election laws and did not oppose the merits of the challenger's claims with regard to election law.  Lamone has a statutory duty ensure that all elections comply with state and federal election laws.

33. SBE and Lamone do regularly carry out their statutory duties to enforce the party affiliation requirements of all candidates imposed by and set forth in the Md. Election laws.  Exhibit Candidate Proofing Checklist

34. On June 18, 2018, Lamone accepted Ademiluyi's candidacy and then acted with deliberate indifference thereby giving her approval of the discriminatory application of election laws in the challenger's suit.

35. Challengers used a state court to order SBE and Lamone to commit acts that violate the First and Fourteenth Amendment.

36. Lamone and SBE are the proximate cause of the injunction entered against the certification of Ademiluyi's name on ballot.

## COUNT I FIRST AMENDMENT FREEDOM OF ASSOCIATIONAL, EXPRESSIVE, AND VOTING RIGHTS

37. MDLP alleges all preceding paragraphs.

38. Md. Election Law §5-203 allows for all political parties to nominate judicial candidates not affiliated with their party. It reads in pertinent part:

> (2) Unless the individual is a registered voter affiliated with the political party, an individual may not be a candidate for:(i) an office of that political party; or
> (ii) except as provided in subsection (b) of this section, nomination by that political party.
> **Judicial and county board of education candidates.**
> (b) The requirements for party affiliation specified under subsection (a) of this section do not apply to a candidate for:
> (1) a judicial office; or
> (2) a county board of education.

39. If MDLP believes their bylaws are consistent with state law pertaining to that right, to require them to go above and beyond in explaining to the public their interpretation of every law that may or may not apply to them is restricting the boundaries in how they choose to operate.

40. The party must be granted the discretion as to whether it's necessary to reiterate every state law relevant to their nomination process in their bylaws or else it will be impossible for MDLP whether their bylaws are adequately written, in order to nominate individuals.

41. If the MDLP bylaws are vulnerable to an inconsistent interpretation in the manner which party interprets their own bylaws as a basis to disqualify nominees, it would be impossible if not at least extremely difficult for MDLP to nominate candidates of their choice.

### COUNT II FOURTEENTH AMENDMENT EQUAL PROTECTION

42. MDLP alleges all preceding paragraphs.

9

43. Election Law §5-203 states that judicial candidates do not have to be affiliated with the party who nominates them. Under §9-210(g)(3), unlike other nominees for party office, judicial candidates are not designated as nominees on the general election ballot.

44. The Democrats and Republicans can nominate judicial candidates without making a distinction in their bylaws concerning the party affiliation of judicial candidates.

45. The application of Election Law §5-201 to the nomination of Ademiluyi was applied in a discriminatory manner thereby making it impossible for MDLP to nominate Ademiluyi.

46. Election Law §5-201 states in its entirety: An individual may become a candidate for a public or party office only if the individual satisfies the qualifications for that office established by law and, in the case of a party office, by party constitution or bylaws.

47. SBE and Lamone are requiring for public office or a position not held by the party, the qualifications are set by Election Law and MDLP bylaws but for the principal parties, Democrats and Republicans, the qualifications are only set by law. Challengers Compl ¶ 47-48 states "established by law" in §5-201 refers to MDLP bylaws. The Democratic and the Republican bylaws are not required to make a distinction between the party affiliation of its nominees for party offices and public offices but that is the requirement SBE and Lamone are imposing on MDLP.

48. In contrast for offices held by the party, §5-201, clearly states that the party bylaws and State laws set the qualifications for candidates for all political parties.

49. To require MDLP to make a distinction in their bylaws for the required party affiliation of judicial candidates but not make the same requirement for Democrats and Republicans severely burden their rights through making it impossible for MDLP to nominate Ademiluyi for the 2018 election cycle. The challenger's suit was filed after the deadline for Ademiluyi or MDLP to even amend bylaws or party affiliation.

50. Lamone and SBE have a duty to ensure that elections are done in accordance with state and federal laws. The nomination certificate drafted by the State Board of Elections and signed by the MDLP officers and relied upon by MDLP states,

    > We, the undersigned officers of the Party Central Committee, hereby certify that we have followed the process required by Maryland Election Law and our party's Constitution and Bylaws and hereby nominate the following person, affiliated with our party, *except for judicial candidates*, for the office sought

51. The candidate proofing checklist used by the State Board Elections to ensure that they accept all candidates in accordance with election laws notes that with regard to party affiliation, the State Board of Elections is to disregard the party affiliation of judicial candidates in accepting candidacy.

52. It is the discriminatory application of §5-201 and 5-701 to Ademiluyi's nomination that SBE and Lamone gave approval of that made it impossible for MDLP to nominate Ademiluyi. The suit was filed after statutory deadlines for Ademiluyi to make any changes such as party affiliation or bylaws.

53. SBE and Lamone's enforcement of Election law §5-201 and 5-701 thereby violates Plaintiffs' rights under the First Amendment and Equal Protection clause of the Fourteenth Amendment to the United States Constitution (and 42 U.S.C. § 1983).

54. MDLP has no appropriate rapid or adequate remedy absent a temporary restraining order, preliminary injunction and permanent injunction. MDLP is threatened with continued harm, particularly in light of the 2018 general election. MDLP is entitled to injunctive relief.

55. MDLP is entitled to a declaratory judgment declaring that Defendant SBE and Lamone's enforcement of Election law §§5-201 and 5-701, is unconstitutional.

56. Pursuant to 42 U.S.C. § 1983, *et. seq.*, MDLP is entitled to a declaratory judgment declaring their rights and to their reasonable costs and attorney's fees in this case.

## PRAYER FOR RELIEF

WHEREFORE, MDLP pray unto the Court for the following relief:

57. That the Court enjoin Defendands SBE and Lamone from applying Election Law §5-201; 5-701 in violation of the First and Fourteenth Amendments of the United States Constitution;

58. That the Court grant a preliminary injunction under 42 U.S.C.§ 1983 prohibiting SBE and Lamone from removing Ademiluyi from the general election ballots;

59. That the Court grant a permanent injunction under 42 U.S.C.§ 1983 prohibiting SBE and Lamone from removing Ademiluyi from the general election ballots;

60. That the Court tax the costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 against a party other than Plaintiffs;

61. That the Court award damages sustained as a result of the unconstitutional acts of SBE and Lamone; and

62. That the Court grant such other and further relief as the Court deems just and proper.

                                      Respectfully submitted,

/s/April T. Ademiluyi
April Ademiluyi, Esq. .(Bar No 29141)
The Law Office of April T. Ademiliuyi
PO BOX 1248
Laurel, MD 20725
Ph: 443-393-3984
Fax: 443-393-0416
lawofficeata@gmail.com